NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISRAEL LINARES-AQUINO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-73555

Agency No. A205-118-357

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016 [**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Israel Linares-Aquino, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").  Our

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

In his opening brief, Linares-Aquino does not challenge to the BIA's denial of his claim based on a social group comprised of family members of police officers, or the BIA's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We lack jurisdiction to consider any contentions based on social groups Linares-Aquino proposes for the first time in the opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's determination that Linares-Aquino failed to establish past persecution or a fear of future persecution on account of an enumerated ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from

2                                                                    14-73555

harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, his withholding of removal claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

14-73555